The State, ex rel. Rose et al., Appellants, *v.* Garfield Heights Municipal Court et al., Appellees.

[Cite as State, ex rel. Rose, v. Municipal Ct. (1979). 57 Ohio St. 2d 42.]

(No. 78-694—Decided February 28, 1979.)

44

*Mr. Alfred E. Nimrod,* for appellants Rose and Tolliver.

*Mr. James J. McGrath,* prosecuting attorney, for appellees.

*Per Curiam.* The essential function of a writ of prohibition is to prevent a tribunal from exceeding its jurisdiction and acting in matters upon which it has no legal authority to act. *State, ex rel. Gilligan,* v. *Hoddinott* (1973), 36 Ohio St. 2d 127, 304 N. E. 2d 382. Paragraph one of the syllabus in *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, 320 N. E. 2d 286, states:

"The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law."

It is undisputed that respondent's actions constitute the exercise of judicial power. However, it is relator's con-

tention that the Fourteenth and Sixth Amendments to the Constitution of the United States prohibit the removal of counsel from a cause without the trial court first conducting a hearing to determine if removal is proper. As support for that position, relator cites *Chandler* v. *Fretag* (1954), 348 U. S. 3, in which the Supreme Court of the United States held, at page 10:

" '* * * *If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.'* * * *

"A necessary corollary is that a defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth." (Emphasis *sic*.)

Relator's argument is without merit. M. C. Sup. R. 16(C) clearly provides that the removal of an "engaged counsel" is lawful and proper in the instance where:

"* * * [a] designated trial attorney has such a number of cases assigned for trial in courts of this state so as to cause undue delay in the disposition of such cases, the administrative judge may require the trial attorney to provide a substitute trial attorney. If the trial attorney fails to provide a substitute trial attorney, the administrative judge shall remove him as counsel in the case. * * * *" *

---

*The purpose of the Rules of Superintendence (governing common pleas courts) is set forth in Sup. R. 1(A). It also describes the necessity for rules such as M. C. Sup. R. 16(C):

"Delay in both criminal and civil cases in the trial courts of Ohio is presently the most serious problem in the administration of justice in this state. It is to be remembered that the courts are created not for the convenience or benefit of the judges and lawyers, but to serve the litigants and the interests of the public at large. When cases are unnecessarily delayed, the confidence of all people in the judicial system suffers. The confidence of the people in the ability of our systm of government to achieve liberty and justice under law for all is the foundation upon which the American system of government is built. * * *"

It is uncontroverted that in the cause *sub judice* the defendant's trial was delayed from April 4, 1977, until at least October 19, 1977, as a direct consequence of relator's repeated failure to appear at the scheduled proceedings. Moreover, respondent's entry dated June 8, 1977, contains the undisputed finding that relator failed in two instances to provide substitute counsel in the defendant's cause, even after he was informed that such counsel was required to appear if relator was unable to attend. Unquestionably, relator was removed in conformity with the requirements of M. C. Sup. R. 16(C).

Furthermore, relator was not entitled to a formal hearing upon the question of his removal. The record at bar contains stipulated and admitted evidence that relator was unable to attend defendant's trial due to scheduled appearances in other courts. Respondent had ample evidence before it to conclude that relator's caseload was causing "undue delay" in the defendant's cause and to enter the removal order.

Relator urges further that *Chandler* v. *Fretag, supra,* mandates that a defendant must be afforded counsel of his choice. We disagree. In *Chandler,* the defendant's request for a continuance to enable him to obtain counsel to represent him on habitual criminal accusations was summarily denied and the trial court proceeded to immediately try and convict him. The high court held that a violation of due process occurs where a defendant is "arbitrarily" refused any opportunity to obtain counsel prior to trial. In the instant cause, the defendant was given ample opportunity to employ and consult with counsel of his choosing prior to respondent's removal decree. See *United States, ex rel. Carey,* v. *Rundle* (C. A. 3, 1969), 409 F. 2d 1210, *certiorari denied* 397 U. S. 946; and *United States* v. *Dinitz* (C. A. 5, 1976), 538 F. 2d 1214, *certiorari denied* 429 U. S. 1104.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.